# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| SARAH PLATT, NIKITA ADAMS, and DERIK SMITH, | CIVIL ACTION FILE NO. |
| Plaintiffs, | _____ |
| v. | **JURY TRIAL REQUESTED** |
| RECESSION PROOF PRODUCTIONS, LLC d/b/a/ GEORGIA PEACH RESTAURANT AND LOUNGE, BANANA WIND, LLC, CHE MOORE, LORI SMYTH, and SHANNON STUCKEY, | |
| Defendants. | |

## COMPLAINT
## AND DEMAND FOR JURY TRIAL

COME NOW, Plaintiffs Sarah Platt, Nikita Adams, and Derik Smith, by and through their undersigned counsel, and hereby bring this action against Defendants Recession Proof Productions, LLC d/b/a Georgia Peach Restaurant and Lounge, Banana Wind, LLC, Che Moore, Lori Smyth, and Shannon Stuckey, and allege as follows:

## NATURE OF THE ACTION

1.     Plaintiffs Sarah Platt ("Plaintiff Platt"), Nikita Adams ("Plaintiff Adams"), and Derik Smith ("Plaintiff Smith") (collectively "Plaintiffs") bring this

1

action under the Fair Labor Standards Act ("FLSA") of 1938, as amended, 29 U.S.C. § 201 et seq., against Defendant Recession Proof Production, LLC d/b/a Georgia Peach Restaurant and Lounge ("Georgia Peach"), Defendant Banana Wind, LLC ("Banana Wind") (collectively "Defendant Restaurants"), and against their individual corporate officers and owners, Che Moore, Lori Smyth, and Shannon Stuckey (collectively "Corporate Officers"), alleging that Defendants: (1) willfully failed to pay Plaintiffs minimum wage for all hours worked; and (2) willfully failed to pay Plaintiffs overtime wages for all hours and part hours worked in excess of forty (40) hours per week.

## **PARTIES**

1.      Plaintiff Sarah Platt is a citizen of Georgia who resides in Atlanta, Georgia.

2.      Plaintiff Nikita Adams is a former citizen of Atlanta, Georgia, who resides in Clay County, Florida.

3.      Plaintiff Derik Smith is a former citizen of Atlanta, Georgia, who resides in Houston, Texas.

4.      Defendant Georgia Peach is a limited liability company organized and existing under the laws of the State of Georgia with its principle place of business at 50 Lower Alabama Street, Suite 002, Atlanta, Georgia 30303.

2

5.     Upon information and belief, Defendant Moore is the Chief Operating Officer, Chief Executive Officer, and co-owner of Defendant Georgia Peach.

6.     Defendant Moore is the registered agent for Defendant Georgia Peach.

7.     Upon information and belief, Defendant Smyth is the Chief Financial Officer and co-owner of Defendant Georgia Peach.

8.     Defendant Georgia Peach may be served with process by delivering a copy of the Complaint and Summons to its registered agent, Defendant Moore, at 50 Lower Alabama Street, Suite 002, Atlanta, Georgia 30303.

9.     Defendant Banana Wind, LCC is a limited liability company organized and existing under the laws of the State of Georgia with its principle place of business at 50 Lower Alabama Street, Atlanta, Georgia 30303.

10.     Upon information and belief, Defendant Stuckey is the Chief Operating Officer, Chief Executive Officer, and owner of Defendant Banana Wind.

11.     Mr. Michael Sard is the registered agent for Defendant Banana Wind.

12.     Defendant Banana Wind may be served with process by delivering a copy of the Complaint and Summons to its registered agent, Michael Sard, at 50 100 Galleria Parkway, Suite 400, Atlanta, Georgia 30339.

13.     Defendant Moore may be served with process personally at her home address, at her office address, or wherever she may be found. Alternatively, Defendant Moore may be served with process by leaving a copy of the Summons

and Complaint with someone of "suitable age and discretion" residing at her home address.

14.     Defendant Smyth may be served with process personally at her home address, at her office address, or wherever she may be found. Alternatively, Defendant Smyth may be served with process by leaving a copy of the Summons and Complaint with someone of "suitable age and discretion" residing at her home address.

15.     Defendant Stuckey may be served with process personally at her home address, at her office address, or wherever she may be found. Alternatively, Defendant Stuckey may be served with process by leaving a copy of the summons and complaint with someone of "suitable age and discretion" residing at her home address.

## JURISDICTION AND VENUE

16.     This Court has jurisdiction of Plaintiffs' claims pursuant to 28 U.S.C. § 1331.

17.     Defendants are subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit because they are citizens of the forum state.

18.     Venue is proper pursuant to 28 U.S.C § 1391(b) and Local Rule 3.1.(B)(3) in the Atlanta Division of the Northern District of Georgia because Defendants reside within this District and Division.

4

19.     Defendant Restaurants constitute a "single enterprise," engaged in interstate commerce, with an annual gross volume of sales made or business done in excess of $500,000.

20.     At all times relevant, Defendant Corporate Officers owned and operated and continue to operate Defendant Restaurants, which have been, and continue to be, engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

21.     At all times relevant to this action, Plaintiffs were former, nonexempt "employees" as defined by 29 U.S.C. § 203(e).

## FACTUAL ALLEGATIONS IN SUPPORT OF CLAIM THAT DEFENDANT RESTAURANTS CONSTITUTE A SINGLE ENTERPRISE

22.     Defendant Restaurants are entities jointly owned and operated as a single enterprise by Defendants Moore, Smyth, and Stuckey.

23.     Defendant Restaurants are a unified operation under the common control of Defendant Corporate Officers for a common business purpose.

24.     For the relevant years in question, Defendant Restaurants have been engaged in interstate commerce, with a collective annual gross volume in excess of $500,000.

### I.     Related Activities.

25.     Defendant Restaurants are both entities located in an area commonly referred to as "Underground Atlanta."

5

26.    Defendant Restaurants are both entities located on the bottom-floor of Underground Atlanta, in the same section named "Kenny's Alley."

27.    Upon information and belief, Defendant Restaurants are separated by less than a hundred (100) feet.

28.    Defendants Georgia Peach and Banana Wind are both entities engaged in the restaurant business.

29.    Defendant Restaurants both provide entertainment services to similar clientele and perform other similar functions.

## II.    Unified Operation and Common Control.

30.    Upon information and belief, Defendant Corporate Officers are a single family unit, affiliated by consanguinity.

31.    Upon information and belief, Defendants Moore and Stuckey together moved to Atlanta, Georgia from Detroit, Michigan.

32.    Upon information and belief, total ownership of Defendant Restaurants is vested in a single family unit.

33.    Upon information and belief, Defendant Moore is the former owner of Defendant Banana Wind.

34.    Upon information and belief, at the same time that Defendant Moore owned and operated Banana Wind, Defendant Stuckey served as Banana Wind's store manager.

6

35.     Upon information and belief, in November 2010, Defendant Moore opened and established Georgia Peach.

36.     Upon information and belief, Defendant Stuckey was then elevated from her position as manager to co-owner of Defendant Banana Wind.

37.     Upon information and belief, Defendant Stuckey during interviews of potential applicants has recommended, and continues to recommend, that Banana Wind applicants work at the Georgia Peach, despite the applicants' preference of working at Banana Wind.

38.     For example, despite the fact that Plaintiff Adams was interviewed by Defendant Stuckey for a position at Banana Wind, Plaintiff Adams was hired and employed by Georgia Peach.

39.     In fact, Plaintiff Platt was employed at both the Georgia Peach and the Banana Wind from November through December 2010.

40.     At all times relevant, Defendant Corporate Officers exercised day to day control over the affairs of Defendant Restaurants.

41.     For example, Defendant Corporate Officers approved promotions and raises and, directly and indirectly, set Defendant Restaurants' payroll and compensation practices.

42.     Defendant Officers held management authority and established Plaintiffs' terms and conditions of employment.

43.     Defendant Corporate Officers directly and indirectly supervised and controlled work schedules at Defendant Restaurants.

44.     Upon information and belief, at Defendant Moore's request, Defendant Stuckey has supervised, and continues to supervise, employees at Georgia Peach.

45.     Defendant Corporate Officers are responsible for hiring and discharging employees.

46.     Upon information and belief, Defendant Restaurants share inventory, including well-alcohol, ice, and other bar related inventory.

### III.     Common Business Purpose.

47.     Upon information and belief, Defendant Restaurants have the same business purpose, that is: to sell food, beverages, and entertainment services to paying customers.

48.     Upon information and belief, Georgia Peach employees, Monday through Saturday, deliver Georgia Peach menus to Banana Wind customers.

49.     Upon information and belief, Banana Wind customers routinely order meals from the Georgia Peach menu.

50.     Upon information and belief, Georgia Peach employees prepare and deliver meals to Banana Wind customers.

51.     Upon information and belief, Banana Wind customers routinely consume at Banana Wind meals prepared by Georgia Peach employees.

52.     Because both entities conduct related activities, performed under unified operations or common control, and for common business purpose, Defendant Restaurants constitute a single enterprise.

## FACTUAL ALLEGATIONS IN
## SUPPORT OF INDIVIDUAL COVERAGE

53.     At all times relevant to this action, Plaintiffs were former, nonexempt "employees" as defined by 29 U.S.C. § 203(e).

54.     Plaintiffs are covered under the individual coverage provision of the FLSA, in addition to enterprise coverage.

55.     Plaintiffs are covered under the individual coverage provision of the FLSA because they engaged in commerce and/or in the production of goods for commerce.

56.     The phrase 'engaged in commerce' is broadly construed and extends to employees who are a necessary part of carrying on a business operating in interstate commerce.

57.     Plaintiffs qualify for individual coverage because they were performing work involving or related to the movement of persons or things among several states and worked in activities closely related and directly essential to the production of goods for commerce.

9

58.     Underground Atlanta serves a diverse population, including international tourist, out-of-state visitors, and out-of-state students attending nearby Georgia State University.

59.     Underground Atlanta serves Metropolitan Atlanta Rapid Transportation Authority (MARTA) patrons, many of whom are traveling to and from Atlanta's Hartsfield Jackson International Airport, either to fly outside of the State or after having just arrived from another State.

60.     Underground Atlanta, in partnership with MARTA, offers the "Braves Shuttle" every home game for in-state and out-of-state fans attending Atlanta Braves Games.

61.     According to Underground Atlanta's website, the location offers "a complete family experience, with retail shops, specialty and gift shops…and fine restaurants."

62.     Upon information and belief, various internet websites and Atlanta magazines list Underground Atlanta as a tourist attraction for out-of-state and international visitors.

63.     Plaintiffs' jobs duties required them to serve out-of-state and international customers visiting Georgia Peach and Underground Atlanta.

64.     Plaintiffs' duties required them to serve, wait-on, and prepare drinks for MARTA patrons who intended to travel outside the State.

65.     Plaintiffs' duties required them to serve, wait-on, and prepare drinks for international and out-of-state customers.

66.     Plaintiffs' on a regular and recurrent basis used instrumentalities of interstate commerce.

67.     For example, Plaintiffs accessed the internet using a computer located at Georgia Peach to post advertisements, create fliers, and for other purposes directly related to their duties.

68.     For example, Plaintiffs regularly and on a recurrent basis used an electronic device that authorized credit card purchases.

69.     For example, Plaintiff Adams regularly and on a recurrent basis used the internet to post event schedules and entertain information on various social networking sites, including Facebook, MySpace, and YouTube.

70.     By way of a further example, Plaintiff Adams regularly and routinely used the internet to advertise, create, and update Defendants' profile on various internet websites, including Urban Spoon and Yelp.

71.     Because Plaintiffs engaged in commerce or in the production of goods for commerce, they are covered by individual coverage provision of FLSA.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

72.     Plaintiff Sarah Platt was employed by Georgia Peach from approximately November 22, 2010, to February 29, 2011, as a bartender.

73. Defendants engaged Ms. Platt in an employment relationship.

74. Upon information and belief, Ms. Platt was required to forgo wages for a period of approximately one-month as a prerequisite to employment.

75. At the expiration of one-month, Defendants stated that Ms. Platt would begin to receive payment for hours worked.

76. Plaintiff Adams was employed by Georgia Peach from approximately December 28, 2010, to June 27, 2011, as a bartender.

77. Upon information and belief, Plaintiff Adams was required to forgo wages for a period of three-months as a prerequisite to employment.

78. Upon information and belief, at the expiration of the three-month period, Defendants told Plaintiff Adams that she would begin to receive payment.

79. Beginning in early February, Plaintiff Adams was asked to perform work as both a bartender and Defendants' personal assistant.

80. In her capacity as a personal assistant, Plaintiff Adams was required to attend meetings on Defendants' behalf.

81. In her capacity as a personal assistant, Plaintiff Adams was required to attract business, advertise, and monitor various social networking websites where Defendants advertised.

82. In her capacity as a personal assistant, Plaintiff Adams was required to create and design Defendants' advertisements.

83.  In her capacity as a personal assistant, Plaintiff Adams on at least one occasion was required to attend an advertisement event on Defendants' behalf, for which she received no compensation.

84.  Plaintiff Smith was employed by Georgia Peach from approximately November 22, 2010, to January 1, 2011, as a bartender.

85.  Plaintiff Smith left his employment at Georgia Peach on or about January 2011.

86.  Plaintiff Smith returned to his employment with Defendants on or about February 2010, as a server, and worked until his employment was terminated in April 2011.

87.  Upon information and belief, Plaintiff Smith was required to forgo wages for a period of one-month as a prerequisite to employment.

88.  Upon information and belief, at the expiration of the one-month period, Defendants told Plaintiff Smith that he would begin to receive payment.

89.  Upon information and belief, during Plaintiffs' first months of employment, Defendants had no formal process to record and maintain hours worked by Plaintiffs.

90.  At all times relevant, Plaintiffs were only compensated by tips earned from customers.

91.     At all times relevant, Plaintiffs were not paid a guaranteed minimum weekly amount of at least $455.00 per week.

92.     Plaintiffs regularly worked in excess of forty (40) hours per workweek.

93.     Plaintiffs, however, were not paid the legally required overtime premium rate of 1.5 times their regular hourly rate for all hours worked in excess of forty (40) hours per workweek.

94.     On information and belief, Defendants have not and continue not to post the legally required notice of Plaintiffs' rights under the FLSA.

95.     On information and belief, Defendants did not keep records for Plaintiffs' (1) hours worked each workday in which Plaintiffs received tips and (2) total daily or weekly straight-time earnings for such hours.

**COUNT ONE:**
**(AGAINST ALL DEFENDANTS)**
**WILLFUL FAILURE TO PAY MINIMUM WAGE**

96.     Plaintiff Sarah Platt was employed by Georgia Peach from approximately November 22, 2010, to February 29, 2011, as a bartender.

97.     Plaintiff Adams was employed by Georgia Peach from approximately December 28, 2010, to June 27, 2011, as both a bartender and personal assistant.

98.     Plaintiff Smith was employed by Georgia Peach from approximately November 22, 2010, to January 1, 2011, as a bartender, and February 2011, to April 2011, as a server.

99.     Plaintiffs were compensated solely by customer gratuities ("tips").

100.    Customers at Defendants' restaurants leave tips for employees in the form of cash tips and credit card tips.

101.    Cash tips were retained by Plaintiffs at the time the tips were earned.

102.    Plaintiffs received credit card tips at the end of their shift, after presenting to Defendant Corporate Officers all credit card receipts.

103.    Defendant Corporate Officer then reconciled Plaintiffs' cash register for accuracy and any cash shortages.

104.    If Plaintiffs' cash register reflected a shortage, Plaintiffs' tips were deducted in an amount equal to the shortage.

105.    Plaintiffs' tips were further deducted for any other shortage that resulted from unaccountable circumstances and mathematical errors.

106.    If a customer or customers did not pay their bill in full, the unpaid amount of the customer's bill was deducted from Plaintiffs' tips.

107.    Plaintiffs customarily and regularly received more than $30 a month in tips.

108. Notwithstanding, Defendants are not entitled to the tip credit provision of the FLSA.

109. At all times relevant, Plaintiffs were not notified of the tip payment plan.

110. At all times relevant, Plaintiffs did not retain all tips received.

111. At all times relevant, the debt deductions imposed by Defendants reduced Plaintiffs' effective pay rate below the required minimum wage.

112. Furthermore, because Plaintiff Adams engaged in dual jobs while employed by Defendants, the tip credit may not be applied to her.

113. Because Defendants were not and are not entitled to avail themselves to the tip credit provision of the FLSA, Plaintiffs are entitled to compensation at the current minimum wage rate of $7.25.

114. By failing to properly compensate Plaintiffs at the minimum wage required by the FLSA, Defendants violated Plaintiffs' statutory rights under the FLSA.

115. Defendants violations of the FLSA's overtime provision, 29 U.S.C. § 207(a) were willful.

116. Defendants, pursuant to their policies and practices, willfully refused and willfully failed to pay the minimum wage required by the FLSA to Plaintiffs.

117. Defendants failed to maintain accurate time records.

118.  Defendants led Plaintiffs to believe that Defendants' policies conformed with FLSA and the laws of the State of Georgia

119.  Defendants attempted to circumvent FLSA's mandatory provisions by requiring Plaintiffs to work without compensation for an initial period of time.

120.  Defendants are jointly and severely liable to Plaintiffs for their damages under the FLSA.

121.  Plaintiffs seeks damages in an amount of Plaintiffs' unpaid wages, liquidated damages as provided under the FLSA, and any other such legal and equitable relief as the Court deems proper, all to be paid by Defendants jointly and severally.

122.  Plaintiff seeks recovery of attorneys' fees and costs to be paid by Defendants, jointly and severally, as provided by the FLSA.

**COUNT TWO:**
**(AGAINST ALL DEFENDANTS)**
**WILLFUL FAILURE TO PAY OVERTIME WAGES**

123.  Plaintiff Sarah Platt was employed by Georgia Peach from approximately November 22, 2010, to February 29, 2011, as a bartender.

124.  Plaintiff Adams was employed by Georgia Peach from approximately December 28, 2010, to June 27, 2011, as both a bartender and personal assistant.

125.  Plaintiff Smith was employed by Georgia Peach from approximately November 22, 2010, to January 1, 2011, as a bartender and server.

126.   Plaintiffs regularly worked in excess of forty (40) hours per week.

127.   Defendants failed to pay Plaintiff overtime wages for all hours and part hours worked in excess of forty (40) hours per week.

128.   The overtime provisions of the FLSA apply to Defendants and protect Plaintiffs.

129.   Defendants willfully violated the FLSA by failing to pay the overtime wages to Plaintiffs for all hours worked.

130.   Defendants, pursuant to their policies and practices, willfully refused and willfully failed to pay the minimum wage required by the FLSA to each Plaintiff.

131.   Defendants failed to maintain accurate time records.

132.   Defendants failed to compensate Plaintiffs for all time worked.

133.   Defendants led Plaintiffs to believe that Defendants' policies conformed with the FLSA and the laws of the State of Georgia.

134.   Defendants attempted to circumvent FLSA's mandatory provisions by requiring Plaintiffs to work without compensation for an initial period of time.

135.   Defendants are jointly and severely liable to Plaintiffs for their damages under the FLSA.

136.   Plaintiffs seek damages in an amount of Plaintiffs' unpaid overtime wages, liquidated damages as provided under the FLSA, and any other such legal

and equitable relief as the Court deems proper, all to be paid by Defendants jointly and severally.

137.  Plaintiffs seek recovery of attorneys' fees and costs to be paid by Defendants, jointly and severally, as provided by the FLSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs Platt, Adams, and Smith respectfully pray that:

a.  The Court enter judgment in favor of Plaintiffs;

b.  The Court enter judgment against Defendants that their violations of the FLSA were willful;

c.  The Court award Plaintiffs all unpaid minimum and overtime wages as provided for under the FLSA;

d.  The Court award Plaintiffs liquidated damages in an amount equal to the amount of her unpaid wages as provided for under the FLSA;

e.  The Court award Plaintiffs reasonable costs and attorneys' fees as provided for under the FLSA;

f.  The Court determine all triable issues at trial; and

g.  The Court award all other relief as the Court deems just and proper, included any and all equitable relief.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs Platt, Adams, and

Smith demand a jury trial on all issues triable by a jury.

**RESPECTFULLY SUBMITTED** on April 23, 2012

/s/ Viraj Parmar
**MAYS & KERR LLC**                    Viraj Parmar
229 Peachtree Street NW                Ga. Bar No. 99688
International Tower | Suite 980         viraj@maysandkerr.com
Atlanta, GA 30303
Telephone:  (404) 410-7998             John L. Mays
Facsimile:   (404) 855-4066            Ga. Bar No. 986574
Attorneys for Plaintiffs               john@maysandkerr.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1D, counsel hereby certify that this Complaint and Demand for Jury Trial has been prepared using Times New Roman 14 point font, as approved by Local Rule 5.1C.

This 23<u>rd</u> day of April, 2012

**MAYS & KERR LLC**
229 Peachtree Street NW
International Tower | Suite 980
Atlanta, GA 30303
Telephone:  (404) 410-7998
Facsimile:    (404) 855-4066
Attorneys for Plaintiffs

<u>/s/ Viraj Parmar</u>
Viraj Parmar
Ga. Bar No. <u>996884</u>
viraj@maysandkerr.com

John L. Mays
Ga. Bar No. <u>986574</u>
john@maysandkerr.com